Oldham, J. Blakeney, on the 26th day of January, 1846, by the decree of the Circuit Court of Pulaski county, in chancery, obtained a judgment against McCraw, and, on the 5th day of March, of the same year, caused execution to be issued to the sheriff of said county upon said judgment, which was levied upon certain lands, as the property of the defendant. McCraw claimed the benefit of the act of December 23d, 1840, and the sheriff caused the lands to be appraised according to the provisions of that act, and, at the time fixed by law, offered the same for sale, and two-thirds of the appraised value not being bid, the lands were not sold, and the sheriff returned the facts. At the return term of the writ, Blakeney, by attorney, appeared and moved the court to set aside the sheriff’s return, and order a writ of venditioni exponas to issue to sell the lands levied upon. The motion being overruled, he has brought the case to this court by writ of error. It is insisted by the plaintiff in error, that his motion should have been sustained by the court below; 1st, because the act of the 23d December, 1840, was repealed by the act of December 9th, 1844; and 2d, because executions, issued upon decrees in chancery were not intended to be embraced in the appraisement law. The 2d section of the repealing act of 1844 declares that; that “act shall be prospective in its operation and that it shall not affect debts or contracts now (then) existing. ” It was obviously' intended by the Legislature by this provision to secure debtors, upon debts and contracts then existing, the privilege contained in the act of 1840, and that it was not intended to interfere with, or in any respect to deprive them of, the benefits of the law, under executions which might thereafter be issued uponjudg- • ments rendered, or which might be rendered, upon contracts made during the existence of the act of 1840. Such being our construction of the law, the next question that presents itself is, whether the contract, upon which the decree in this case was obtained, was made before or after the repeal of the act of 1840. If made after the passage and before the repeal of that act, the defendant'in the execution was entitled to the privileges granted by the law; if after its repeal, he was not so entitled. Upon this point the record is silent. There is nothing before us, by which the fact can be ascertained, and the presumption is, that it was made before the repeal of the appraisement law. If it was not, it was the duty of the party to manifest the fact upon the record. We can see nothing in the act that authorizes the conclusion that it was intended to be limited in its operation to executions issued upon judgments at law, and not extend to those issued upon decrees in chancery. We think the distinction is unauthorized; and affirm the judgment of the Circuit Court.